UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARLEY SANWICK JR.,

        Plaintiff,

vs.                                            Case No.:

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, HARLEY SANWICK JR., ("Plaintiff"), by and through his undersigned attorneys, hereby sues the Defendant, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY ("Defendant"), and alleges as follows:

      1.    Plaintiff brings this action against Defendant for violating the Family and Medical Leave Act of 1993 ("FMLA").

      2.    At all times material to this action, Plaintiff was a resident of Pinellas County, Florida.

      3.    At all times material to this action, Defendant was a Florida profit corporation with its principal place of business in Hillsborough County, Florida.

      4.    Venue lies in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1391(a), because the causes of action set forth herein arose within the Middle District.

      5.    On or about March 31, 2014, Defendant hired Plaintiff.

      6.    In June 2018, Plaintiff was eligible for FMLA leave because he had worked for Defendant for at least twelve months, for at least 1,250 hours over the preceding twelve

months, and at a location where the Defendant employed fifty or more employees within 75 miles.

7. On June 16, 2018, Plaintiff was hospitalized with a "serious health condition" as defined by the FMLA that rendered him unable to work and unable to attend work from Monday, June 18, 2018, through Friday, June 22, 2018.

8. On June 19, 2018, Defendant's FMLA & Benefits Administrator, Megan Anderson, sent Plaintiff a letter ("FMLA Letter") approving continuous FMLA leave for Plaintiff beginning June 18, 2018. According to Defendant's FMLA Letter, Plaintiff was required to submit a health care provider certification no later than July 6, 2018. Anderson mailed the FMLA letter to Plaintiff's home.

9. During Plaintiff's hospitalization, he was incapacitated and unable to contact Defendant.

10. On June 21, 2018, Defendant's Corporate Human Resources Vice President, Stacy Sullivan ("Sullivan"), terminated Plaintiff's employment for missing three consecutive days of work beginning June 18, 2018. Sullivan mailed the termination letter to Plaintiff's home. Plaintiff was released from the hospital on Sunday, June 24, 2018.

11. Monday, June 25, 2018, Plaintiff called Sullivan and spoke with her about his hospitalization and absence from work the previous week. Sullivan reiterated that Plaintiff's employment was terminated on June 21, 2018.

## COUNT I: FMLA INTERFERENCE

12. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 11.

13. Plaintiff was an eligible employee entitled to FMLA leave from Defendant.

14. Plaintiff was on FMLA leave when his employment was terminated June 21, 2018.

15. Plaintiff informed Defendant of his intent to return to work on June 25, 2018; however, Defendant reiterated that Plaintiff was terminated on June 21, 2018.

16. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after needing and taking protected FMLA leave.

17. The Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position, or to an equivalent position with substantially similar work.

18. Instead of reinstating Plaintiff, Defendant denied Plaintiff his right to reinstatement by terminating his employment while he was on FMLA leave.

19. Defendant's action constitutes a willful violation of the FMLA.

20. As a result of Defendant's unlawful and willful action, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff prays for the following damages against Defendant, Old Republic National Title Insurance Company:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

b. Additional liquidated damages in the amount of the above-requested award;

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate;

d. Attorney fees, expenses, expert witness fees, costs of this action, and such other relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial for all issues so triable.

Dated this 30th day of January, 2019

                                          MORGAN & MORGAN

                                          **/s/*Mitchell L. Fraley*__**
                                          Mitchell L. Fraley, Esq.
                                          Fla. Bar No. 0132888
                                          Attorney for Plaintiff
                                          Morgan & Morgan
                                          201 N. Franklin Street, #700
                                          Tampa, FL 33602
                                          Telephone 813-393-5457
                                          Fax:  813-393-5481
                                          Email:Mfraley@forthepeople.com